FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JUN 24 2010

JAMES R. LARSEN, CLERK
_____ DEPUTY
SPOKANE, WASHINGTON

1  THE SCOTT LAW GROUP, P.S.
   Darrell W. Scott
2  darrellscott@mac.com
   Matthew J. Zuchetto
3  matthewzuchetto@mac.com
4  926 West Sprague Avenue, Suite 680
   Spokane, WA  99201
5  Ph:  (509) 455-3966

6
7  DURKOP LAW OFFICE
   Timothy W. Durkop
8  tim@durkoplaw.com
   2312 N. Cherry Street, Suite 100
9  Spokane Valley, WA  99216
   Ph:  (509) 928-3848
10

11           UNITED STATES DISTRICT COURT
12           EASTERN DISTRICT OF WASHINGTON

13  DOYLE WHEELER and CARRI          )
14  WHEELER, husband and wife,       )
    individually and on behalf of similarly )   NO. CV-10-202-LRS
15  situated Washington residents,   )
                                     )   CLASS ACTION
16              Plaintiffs,          )
                                     )   CLASS ACTION COMPLAINT
17       v.                          )   AND JURY DEMAND
                                     )
18  NOTEWORLD, LLC, d/b/a            )
    NOTEWORLD SERVICING CENTER, a )
19  Delaware limited liability company; )
    NATIONWIDE SUPPORT SERVICES, )
20  INC., a California corporation;   )
    FREEDOM DEBT CENTER, a California )
21  corporation; and JOHN AND JANE   )
22  DOES A-K,                        )
                                     )
23              Defendants.          )
    _____)
24
25
26

CLASS ACTION COMPLAINT AND
JURY DEMAND: 1

LAW OFFICES
THE SCOTT LAW GROUP
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA  99201
(509) 455-3966

## I.  INTRODUCTION

1.     Defendants act in concert to perpetuate an unfair, deceptive, and indeed criminal business scheme injurious to Washington residents and violative of Washington's Debt Adjuster Statute, chapter 18.28 RCW and Washington's Consumer Protection Act, chapter 19.86 RCW.

2.     Named Plaintiffs, individually and on behalf of similarly situated Washington consumers, bring this action for purposes of enjoining such misconduct, thereby forestalling injury to Washington consumers.  Named Plaintiffs, further, seek compensatory relief for Washington residents who have suffered loss as a result of Defendants' business scheme.

## II.  PARTIES

3.     **Plaintiffs Doyle Wheeler and Carri Wheeler:**  Plaintiffs Doyle Wheeler and Carri Wheeler ("Wheeler") are husband and wife, domiciled in the state of Washington and residents of Spokane County.  The Wheelers are members of the three proposed Classes and are victims of wrongdoing alleged in this Complaint.

4.     **Defendant NoteWorld, LLC, d/b/a NoteWorld Servicing Center:**  Defendant NoteWorld, LLC, d/b/a NoteWorld Servicing Center ("NoteWorld") is a

CLASS ACTION COMPLAINT AND
JURY DEMAND: 2

LAW OFFICES
**THE SCOTT LAW GROUP**
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA 99201
(509) 455-3966

limited liability company organized under the laws of Delaware.  NoteWorld has its

principal place of business in Tacoma, Washington.

     5.      **Defendant Nationwide Support Services, Inc.:**  Nationwide Support

Services, Inc. ("Nationwide") is a corporation organized under the laws of

California.  Nationwide has its principal offices in Irvine, California.  Nationwide

does business throughout the United States, including the state of Washington.

     6.      **Defendant Freedom Debt Center:**  Defendant Freedom Debt Center

("FDC") is a domestic corporation organized under the laws of California.  FDC

has its principal offices in Irvine, California.  FDC does business throughout the

United States, including the state of Washington.

     7.      **Defendants John and Jane Does A-E**:  John and Jane Does A-E are

managing agents of Nationwide, NoteWorld, and/or FDC whose identities are not

presently known to Plaintiffs, who exercised close control, direction, and

management over their respective businesses in respect of misconduct alleged in

this Complaint; who participated in or with knowledge approved of the business

conduct alleged in this Complaint; or who otherwise engaged in conduct in

violation of chapters 19.86 and 18.28 RCW.

     8.      **Defendants John and Jane Does F-K**:  John and Jane Does F-K are

business affiliates, partners, alter egos, or co-conspirators with named Defendants

CLASS ACTION COMPLAINT AND
JURY DEMAND: 3

LAW OFFICES
**THE SCOTT LAW GROUP**
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA 99201
(509) 455-3966

1  who tortuously participated in the wrongdoing alleged in this Complaint or aided

2  and abetted named Defendants in the violation of chapter 18.28 RCW and/or

3

4  chapter 19.86 RCW.

5

6  ## III. JURISDICTION AND VENUE

7      9.      This Court has original jurisdiction over this matter pursuant to 28

8  U.S.C. § 1332(d)(2).  Based on information and belief, the matter in controversy

9

10 exceeds the sum or value of $5,000,000 exclusive of interest and is a class action

11 composed of more than 100 members and in which at least one member of the Class

12 is a citizen of a state different from that of a Defendant.

13

14     10.     This Court has personal jurisdiction over each of the Defendants.

15     11.     Venue is proper pursuant to 28 USC § 1391(b)(2) in that the events

16 that gave rise to claims occurred in substantial part in this federal district.

17

18 ## IV. FACTS

19

20     12.     NoteWorld, Nationwide, and FDC are co-conspirators and joint actors

21 involved in carrying out a common business enterprise injurious to Washington

22 consumers.

23

24     13.     NoteWorld is a for-profit company engaged in the business of

25 receiving funds from consumers for the purpose of distributing said funds among

26

CLASS ACTION COMPLAINT AND
JURY DEMAND: 4

LAW OFFICES
**THE SCOTT LAW GROUP**
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA 99201
(509) 455-3966

creditors in payment or partial payment of obligations of debtors.  In this regard, NoteWorld is a debt adjuster within the meaning of chapter 18.28 RCW.

14.    This action is brought on behalf of a NoteWorld Class composed of Washington residents for whom NoteWorld performed the debt adjusting services specified in the preceding paragraph pursuant to a "Sign-Up Agreement" or like contract.

15.    Nationwide is a for-profit company and business partner of NoteWorld engaged in managing, counseling, settling, adjusting, prorating, and liquidating the indebtedness of debtors.  In this regard, Nationwide is a debt adjuster within the meaning of chapter 18.28 RCW.

16.    This action is brought on behalf of a Nationwide Class composed of Washington residents for whom Nationwide performed debt adjusting services identified in the preceding paragraph.

17.    FDC is a for-profit company that holds itself out to Washington consumers as engaged in managing, counseling, settling, adjusting, prorating, and liquidating the indebtedness of debtors and who contracts with Washington consumers for such services.  In this regard, FDC is a debt adjuster within the meaning of chapter 18.28 RCW.

CLASS ACTION COMPLAINT AND
JURY DEMAND:  5

LAW OFFICES
THE SCOTT LAW GROUP
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA  99201
(509) 455-3966

18.    This action is brought on behalf of a FDC Class composed of Washington residents who contracted with FDC with respect to debt adjusting services identified in the preceding paragraph.

19.    NoteWorld, Nationwide, and FDC, acting in concert, perform functions instrumental to the carrying out of an illegal debt adjusting enterprise that victimizes Washington consumers.

20.    NoteWorld promotes, establishes, maintains and manages debt settlement accounts on behalf of NoteWorld Class members as an integral component of debt settlement programs marketed by in excess of one-hundred "front-end" debt settlement partners, including FDC.

21.    Additional "front-end" debt settlement companies with whom NoteWorld has partnered, as presently known, include Accredited Financial Corporation, Amber Network Inc., Best Debt Options, Beyond Financial Service, Brite Credit Inc. (doing business as Brite Credit 1 2 3), Century Negotiations Inc., Clear Debt Solution, Coastal Debt Solutions LLC, Consumerwise Debt Solutions, Inc., Counsel 4 Debt Relief, Countrywide Debt Solutions, Inc., Credit Care Corporation, CreditCarePro, Debt Help Center USA, Debt National Relief, Debt Reinvestment, Debt Solutions, DebtEraseInc, DebtPointer Inc., DebtPro LLC, DTS Financial Group, E.A.C. Financial LLC, Inc., FBL Associates, Freedom Debt

CLASS ACTION COMPLAINT AND
JURY DEMAND: 6

LAW OFFICES
THE SCOTT LAW GROUP
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA 99201
(509) 455-3966

Solutions, Help Settle LLC, Helpsettle.com, Innovative Debt Solutions, Lifeguard Financial, Maximum Debt Solutions, Morgan Stevens Financial Solutions Company, National Financial Freedom LLC, Nationwide Consumer Advocacy Group, On Track Financial LLC, Personal Debt Systems of America, Princeton Debt Management LLC, Reduce My Debt, LLC, Settle A Debt Inc., Settlement Corporation of America, SilverLeaf Debt Solutions, The Debt Answer, The Debt Cure, US Consumer Support, Vision Debt.com, and World Debt Solutions.

22.    "Front-end" debt settlement companies, including FDC, hold themselves out through unsolicited phone calls, spam email, junk mail, Internet solicitations, television advertising, and radio advertising, as providing debt adjusting services for consumers indebted with credit card debt.

23.    NoteWorld, in partnership with Nationwide, performs the actual "back-end" debt adjusting services for consumers to whom "front-end" debt adjusting companies have successfully marketed debt settlement programs.

24.    "Front-end" debt adjusting companies, such as FDC, thus, are feeder marketing agents for NoteWorld and Nationwide and engaged in securing debt settlement clients for NoteWorld and Nationwide.

25.    Nationwide itself fosters the development of such feeder "front-end" debt adjusting companies through a "fast-track" program whereby individuals with

CLASS ACTION COMPLAINT AND
JURY DEMAND: 7

LAW OFFICES
THE SCOTT LAW GROUP
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA 99201
(509) 455-3966

little or no resources or experience can become affiliates of Nationwide and NoteWorld, capable of holding themselves out to consumers as successful businesses actually engaged in helping consumers avoid bankruptcy by negotiating settlement of consumers' credit card debt.

26.    NoteWorld, Nationwide, FDC, and affiliated "front-end" debt settlement companies promote debt settlement programs through standardized contracts. These contracts include a debt settlement agreement with the "front-end" debt settlement marketing company and a "Sign-up Agreement" with NoteWorld.

27.    The subject debt settlement programs, effectuated through these agreements, universally involve the following material elements:

a.    The consumer agrees to pay specified debt settlement fees that, unknown to the consumer, are criminally illegal and *per se* unfair, rendering the debt settlement agreement *void ab initio* by operation of statute. The subject fees are the source of profit for the "front-end" debt settlement company and its "back-end" partner, Nationwide.

b.    NoteWorld, in exchange for additional fees to be paid by the consumer is engaged to establish, maintain, and manage a debt settlement account instrumental to carrying out the subject debt settlement program promoted by the "front-end" debt settlement company. The debt settlement

CLASS ACTION COMPLAINT AND
JURY DEMAND: 8

LAW OFFICES
THE SCOTT LAW GROUP
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA 99201
(509) 455-3966

account is established for the professed purpose of accumulating funds with which to pay settlements, when negotiated by the "front-end" debt adjuster. NoteWorld, is authorized to automatically transfer from the consumer's private bank account and into the debt settlement account monthly debt settlement program payments, as specified in the void debt settlement agreement. The program's success, and the consumer's ability to financially afford the monthly debt settlement program payments presupposes that the consumer does not make payments on his credit card debt.

c.    NoteWorld, further, is granted authority to automatically and periodically debit the subject debt settlement account to pay the unlawful and unowed debt settlement fees specified in the debt settlement agreement and "Sign-up Agreement."

d.    The predatory nature of the debt settlement fees is such that fees entirely consume consumers' monthly debt settlement payments for the first several months of participation in the debt settlement program. The fees substantially consume consumers' monthly payments for the balance of their participation in the debt settlement program.

CLASS ACTION COMPLAINT AND
JURY DEMAND: 9

LAW OFFICES
THE SCOTT LAW GROUP
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA 99201
(509) 455-3966

28.    Faced with endemic predatory practices in the debt adjuster industry, most states have adopted statutes regulating debt adjuster activities, including limitations on fees that consumers may be charged.

29.    In this regard, Washington's Debt Adjusting statute, chapter 18.28 RCW, prohibits abusive debt adjuster practices, including charging of predatory fees.

30.    The gravity of Washington's public policy of protecting its citizens from predatory debt adjuster practices is reflected in RCW 18.28.190, which provides that any person who violates any provision of Washington's Debt Adjusting statute, or aids or abets such violation, "is guilty of a misdemeanor."

31.    The central role of private civil actions in the enforcement of Washington's Debt Adjusting statute is reflected in RCW 18.28.185, which declares that a violation of the Debt Adjusting statute constitutes an unfair or deceptive act or practice under Washington's Consumer Protection Act, chapter 19.86 RCW.

32.    At all times material to allegations made in this Complaint, Defendants were mindful of the history of predatory practices in the debt adjusting industry and mindful of regulations governing that industry, including those of Washington.

33.    Named Plaintiffs are Washington residents who received through "front-end" debt settlement company FDC, solicitation materials regarding

CLASS ACTION COMPLAINT AND
JURY DEMAND:  10

LAW OFFICES
THE SCOTT LAW GROUP
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA  99201
(509) 455-3966

participation in a debt settlement program having the features detailed in paragraph 27 of this Complaint, involving debt adjusting services to be performed by NoteWorld and Nationwide, who participated in such a program, and for whom NoteWorld and Nationwide performed debt adjusting services.

34.    RCW 18.28.080(1) provides that a debt adjuster's initial charge may be no more than twenty-five dollars ($25). Initial charges associated with debt settlement programs carried out by NoteWorld and Nationwide, and promoted by their "front-end" affiliates, including FDC, substantially and invariably exceed $25.

35.    NoteWorld and Nationwide knew that the initial fees involved in debt settlement programs carried out by them, and as promoted by their affiliates, including FDC, were criminally illegal and unfair in that they exceeded the amount permitted by RCW 18.28.080(1), rendering the debt settlement contract void.

36.    NoteWorld, nonetheless, initiated automatic transfers from NoteWorld Class members' private bank accounts, including Wheeler's, for purposes of paying the illegal and unowed fees, and NoteWorld thereafter paid the illegal and unowed fees, all for the purpose of carrying out the subject debt settlement programs and unjustly enriching itself. NoteWorld's misconduct is continuing in nature.

37.    Nationwide, nonetheless, performed debt adjusting services for Nationwide Class members, including Wheeler, pursuant to the void contracts and

CLASS ACTION COMPLAINT AND
JURY DEMAND: 11

LAW OFFICES
THE SCOTT LAW GROUP
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA 99201
(509) 455-3966

1   directly or indirectly secured for itself a portion of the illegal and unowed fees paid

2   by consumers, including those paid by Wheeler.  Nationwide's misconduct is

3
4   continuing in nature.

5       38.    FDC, nonetheless, promoted, contracted for, and carried out (or held

6   itself out to consumers as carrying out) debt adjusting services for FDC Class

7
8   members, including Wheeler, and directly or indirectly secured for itself a portion

9   of the illegal and unowed fees paid by FDC Class members.

10      39.    RCW 18.28.080(1) provides that the fee retained by a debt adjuster

11
12  from any one payment made by a debtor may not exceed fifteen percent (15%) of

13  the payment.

14      40.    NoteWorld and Nationwide knew that fees associated with the debt

15
16  settlement programs carried out by them, and promoted by their "front-end"

17  affiliates, including FDC, substantially and invariably exceeded 15% of any one

18
    payment made by the consumer.
19
20      41.    NoteWorld, nonetheless, initiated automatic transfers from NoteWorld

21  Class members' private bank accounts, including Wheeler's, for purposes of paying

22
    the illegal and unowed fees and thereafter paid the illegal and unowed fees, all for
23
24  the purpose of carrying out the subject debt settlement programs and unjustly

25  enriching itself.  NoteWorld's misconduct is continuing in nature.

26

CLASS ACTION COMPLAINT AND
JURY DEMAND:  12

LAW OFFICES
THE SCOTT LAW GROUP
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA 99201
(509) 455-3966

42.    Nationwide, nonetheless, performed debt adjusting services for Nationwide Class members, pursuant to the void contracts, and directly or indirectly secured for itself a portion of the illegal and unowed fees paid by Nationwide Class members, including Wheeler.  Nationwide's misconduct is continuing in nature.

43.    FDC, nonetheless, promoted, contracted for, carried out (or held itself out as carrying out) debt adjusting services for FDC Class members, including Wheeler, and directly or indirectly secured for itself a portion of the illegal and unowed fees paid by FDC Class members, including those paid by Wheeler.

44.    RCW 18.28.080(1) provides that the total fees for debt adjusting services may not exceed 15% of the total debt listed by the debtor on the contract.

45.    The debt settlement contracts of certain of the "front-end" debt settlement affiliates of NoteWorld and Nationwide, including FDC, expressly provided that consumers must pay debt adjusting fees exceeding 15% of the total debt listed on the contract.

46.    NoteWorld and Nationwide knew that fees associated with certain of their affiliates, including FDC, exceeded 15% of the consumers' total listed debt.

47.    NoteWorld, nonetheless, initiated automatic transfers from NoteWorld Class members' private bank accounts, including Wheeler's, for purposes of paying the illegal and unowed fees and thereafter paid the illegal and unowed fees,

CLASS ACTION COMPLAINT AND
JURY DEMAND:  13

LAW OFFICES
**THE SCOTT LAW GROUP**
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA 99201
(509) 455-3966

including those of FDC, from the debt settlement accounts it managed, all for the purpose of carrying out the illegal debt adjuster enterprise and unjustly enriching itself.

48.    RCW 18.28.110 provides that every debt adjuster shall perform the functions specified under RCW 18.28.110.

49.    NoteWorld owed to NoteWorld Class members, including Wheeler, those duties imposed by RCW 18.28.110.

50.    RCW 18.28.110(1) provides that all payments not distributed to creditors shall be kept and maintained in this state, as shall all records pertinent to such payments.

51.    NoteWorld's Sign-Up Agreements with NoteWorld Class members, including Wheeler, provided that debt settlement funds may be maintained outside the state of Washington at NoteWorld's election.

52.    RCW 18.28.110(4) provides that the debt adjuster must distribute to creditors at least once each forty days after receipt of payment at least eighty-five percent (85%) of each payment received from the debtor.

53.    The debt settlement programs for which NoteWorld performed debt adjusting services for NoteWorld Class members, in their intrinsic nature, required that debt settlement funds not be distributed in accordance with RCW 18.28.110(4).

CLASS ACTION COMPLAINT AND
JURY DEMAND:  14

LAW OFFICES
**THE SCOTT LAW GROUP**
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA  99201
(509) 455-3966

54.    NoteWorld knowingly maintained and managed NoteWorld Class members' debt settlement accounts, including Wheeler's, in violation of RCW 18.28.110(4), all for the purpose of carrying out the illegal debt adjuster enterprise detailed in this Complaint.

55.    RCW 18.28.090 provides: "If a debt adjuster contracts for, receives or makes any charge in excess of the maximums permitted by this chapter, except as the result of an accidental and bona fide error, the debt adjuster's contract with the debtor shall be void and the debt adjuster shall return to the debtor the amount of all payments received from the debtor or on the debtor's behalf and not distributed to creditors."

56.    NoteWorld and Nationwide knew that the debt settlement contracts of their "front-end" debt settlement affiliates, including FDC, were *void ab initio*.

57.    NoteWorld and Nationwide, nonetheless, performed debt adjusting services pursuant to those void contracts on behalf of respective NoteWorld and Nationwide Class members, for purposes of carrying out the illegal debt adjuster enterprise, and for purposes of unjustly enriching themselves at the expense of NoteWorld and Nationwide Class members.

58.    NoteWorld, Nationwide, and FDC, in concert, violated chapter 18.28 RCW and knowingly aided and abetted the violation of chapter 18.28 RCW for

CLASS ACTION COMPLAINT AND
JURY DEMAND: 15

LAW OFFICES
**THE SCOTT LAW GROUP**
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA 99201
(509) 455-3966

purposes of carrying out the illegal debt adjuster enterprise detailed in this

Complaint and for the purpose of unjustly enriching themselves.

## V. CLAIMS

A.    **Injunctive Relief as to NoteWorld.**

59.    Washington consumers generally, including NoteWorld Class

members, remain unaware that the subject debt adjuster fees are criminally illegal,

and that the subject fee practices constitute an unfair business practice.

60.    NoteWorld Class members remain unaware that their debt settlement

contracts are void.

61.    NoteWorld Class members remain unaware that they are entitled to

return of all payments made not distributed to creditors.

62.    Defendants' wrongdoing is continuing in nature.

63.    NoteWorld is in possession of funds belonging to NoteWorld Class

members, secured pursuant to void contracts and through illegal and unfair business

practices.

64.    NoteWorld, on a continuing basis, is engaged in transferring

NoteWorld Class members' funds into debt settlement accounts for purposes of

paying criminally illegal and unowed debt adjuster fees.

CLASS ACTION COMPLAINT AND
JURY DEMAND: 16

LAW OFFICES
**THE SCOTT LAW GROUP**
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA 99201
(509) 455-3966

65.     NoteWorld, on a continuing basis, is engaged in paying illegal and unowed fees from NoteWorld Class members' debt settlement accounts.

66.     NoteWorld's affiliates, including FDC, are engaged in continuing solicitation of consumers for participation in debt settlement programs having the illegal features detailed in this Complaint.

67.     NoteWorld Class members and the general public are suffering and will suffer continuing, immediate, and irreparable injury, absent the issuance of injunctive relief, including an order enjoining further violation of chapter 18.28 RCW and chapter 19.86 RCW.

68.     NoteWorld Class members have no complete, speedy, and adequate remedy at law with respect to Defendants' continuing misconduct.

69.     Preliminary and final injunctive relief directed at NoteWorld is necessary to prevent further injury to NoteWorld Class members and the general Washington public.  Such relief includes:

a.     An order that NoteWorld hold in trust, until further direction of this Court, all proceeds directly or indirectly received from NoteWorld Class members;

b.     An order directing that NoteWorld promptly provide to the Court a full accounting of:

CLASS ACTION COMPLAINT AND
JURY DEMAND:  17

LAW OFFICES
**THE SCOTT LAW GROUP**
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA 99201
(509) 455-3966

      i)     the identity of each NoteWorld Class member;

      ii)    the funds held in the debt settlement accounts of each NoteWorld Class member;

      iii)   the identities of each NoteWorld affiliate to whom distributions have been made from the subject debt settlement accounts and the amounts of such distributions;

c.     An order enjoining NoteWorld from transferring NoteWorld Class member funds into the subject debt settlement accounts;

d.     An order enjoining NoteWorld from paying fees from NoteWorld Class members' debt settlement accounts;

e.     An order directing the final disbursal of NoteWorld Class member funds held by NoteWorld; and

f.     An order enjoining NoteWorld from engaging in further conduct violating or aiding and abetting the violation of chapter 18.28 RCW or chapter 19.86 RCW.

**B.**    **Injunctive Relief as to Nationwide.**

70.    Nationwide Class members and Washington consumers generally, remain unaware that the subject debt adjuster fees are criminally illegal and that the subject fee practices constitute an unfair business practice.

CLASS ACTION COMPLAINT AND
JURY DEMAND: 18

LAW OFFICES
**THE SCOTT LAW GROUP**
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA 99201
(509) 455-3966

71.    Nationwide Class members remain unaware that their debt settlement contracts are void.

72.    Nationwide Class members remain unaware that they are entitled to return of all payments made not distributed to creditors.

73.    Nationwide Class members remain generally unaware that Nationwide is the actual debt settlement company performing debt adjusting services for Nationwide Class members.

74.    Nationwide and its affiliates, including FDC, are engaged in continuing solicitation of consumers for participation in debt settlement programs having the illegal features detailed in this Complaint.

75.    Nationwide, on a continuing basis, is engaged in performing debt adjusting services pursuant to void debt settlement contracts and unjustly profiting from such conduct at the expense of Nationwide Class members.

76.    The true identities of all Nationwide affiliates for whom Nationwide performs "back-end" debt adjusting services pursuant to void and illegal debt settlement contracts, remains unknown.

77.    Nationwide Class members and the general public are suffering and will suffer continuing, immediate, and irreparable injury, absent the issuance of

CLASS ACTION COMPLAINT AND
JURY DEMAND: 19

LAW OFFICES
THE SCOTT LAW GROUP
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA 99201
(509) 455-3966

injunctive relief, including an order enjoining further violation of chapter 18.28 RCW and chapter 19.86 RCW.

78.     Nationwide Class members have no complete, speedy, and adequate remedy at law with respect to Nationwide's continuing misconduct.

79.     Preliminary and final injunctive relief directed at Nationwide is necessary to prevent further injury to Nationwide Class members and the general Washington public.  Such relief includes:

a.     An order directing that Nationwide promptly provide to the Court a full accounting of:

i)     the true identities of each "front-end" affiliate for whom Nationwide provides "back-end" debt adjusting services;

ii)     the true identities of each Nationwide affiliate from whom Nationwide has received compensation or other consideration for performing debt adjusting services to Nationwide Class members and the amounts of such compensation received;

b.     An order enjoining Nationwide from directly or indirectly receiving debt adjusting fees from Nationwide Class members; and

CLASS ACTION COMPLAINT AND
JURY DEMAND:  20

LAW OFFICES
THE SCOTT LAW GROUP
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA 99201
(509) 455-3966

c.     An order enjoining Nationwide from engaging in further

conduct violating or aiding and abetting the violation of chapter 18.28 RCW

or chapter 19.86 RCW.

**C.     Injunctive Relief as to FDC.**

80.     FDC Class members and the general public remain unaware that the

debt adjuster fees specified in FDC's debt settlement contract are criminally illegal

and that the subject fee practices constitute an unfair business practice.

81.     FDC Class members remain unaware that their debt settlement

contracts are void.

82.     FDC Class members remain unaware that they are entitled to return of

all payments made not distributed to creditors.

83.     FDC is engaged in continuing solicitations of Washington consumers

for participation in debt settlement programs having the illegal features detailed in

this Complaint.

84.     FDC on a continuing basis, is engaged in performing, or holding itself

out as performing, debt adjusting services pursuant to void debt settlement contracts

and unjustly profiting from such conduct at the expense of FDC Class members and

the general public.

CLASS ACTION COMPLAINT AND
JURY DEMAND: 21

LAW OFFICES
**THE SCOTT LAW GROUP**
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA 99201
(509) 455-3966

85.    FDC Class members and the general public are suffering and will suffer continuing, immediate, and irreparable injury, absent the issuance of injunctive relief, including an order enjoining further violation of chapter 18.28 RCW and chapter 19.86 RCW.

86.    FDC Class members and the general public have no complete, speedy, and adequate remedy at law with respect to FDC's continuing misconduct.

87.    Preliminary and final injunctive relief directed at FDC is necessary to prevent further injury to FDC Class members and the Washington public generally. Such relief includes:

   a.    An order enjoining FDC from directly or indirectly receiving fees from FDC Class members; and

   b.    An order enjoining FDC from engaging in further conduct violating or aiding and abetting the violation of chapter 18.28 RCW or chapter 19.86 RCW.

**D.    Consumer Protection Act Liability.**

88.    NoteWorld, for compensation, received and managed funds of named Plaintiffs and NoteWorld Class members for purpose of distributing said funds among creditors in partial payment of obligations.

CLASS ACTION COMPLAINT AND
JURY DEMAND:  22

LAW OFFICES
**THE SCOTT LAW GROUP**
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA  99201
(509) 455-3966

89.    Nationwide, for compensation, managed, counseled, settled, adjusted, prorated or liquidated the indebtedness of named Plaintiffs and Nationwide Class members or held itself out as doing so.

90.    FDC, for compensation, held itself out to named Plaintiffs and to FDC Class members as engaged in managing, counseling, settling, adjusting, prorating or liquidating the indebtedness of debtors, and/or engaged in such activities with respect to named Plaintiffs and FDC Class members.

91.    NoteWorld, Nationwide, and the "front-end" affiliates of each, including FDC, are debt adjusters and otherwise engaged in debt adjusting within the meaning of chapter 18.28 RCW and with respect to conduct alleged in this Complaint.

92.    NoteWorld, Nationwide, and FDC violated chapter 18.28 RCW and otherwise engaged in unfair and deceptive acts or practices, committed in trade or commerce, impacting the public interest, which conduct proximately caused injury or harm to named Plaintiffs and members of the NoteWorld Class, Nationwide Class, and FDC Class in their business or property.

E.    **Aiding and Abetting the Commission of Unfair and Deceptive Business Conduct.**

93.    NoteWorld, knowingly aided and abetted Nationwide and "front-end" debt adjuster affiliates, including FDC, in the commission of criminal, unfair, and

CLASS ACTION COMPLAINT AND
JURY DEMAND:  23

LAW OFFICES
THE SCOTT LAW GROUP
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA 99201
(509) 455-3966

1    deceptive practices, including practices violating chapters 18.28 and 19.86 RCW,

2    by giving substantial assistance that proximately caused harm to named Plaintiffs

3
4    and to NoteWorld Class members in their business and property.

5         94.    Nationwide, knowingly aided and abetted NoteWorld and "front-end"

6    debt adjuster affiliates, including FDC, in the commission of criminal, unfair, and

7
8    deceptive practices, including practices violating chapters 18.28 and 19.86 RCW,

9    by giving substantial assistance that proximately caused harm to named Plaintiffs

10   and to Nationwide Class members in their business and property.
11

12        95.    FDC knowingly aided and abetted Nationwide and NoteWorld in the

13   commission of criminal, unfair, and deceptive practices, including practices

14   violating chapters 18.28 and 19.86 RCW, by giving substantial assistance that
15

16   proximately caused harm to named Plaintiffs and to FDC Class members in their

17   business and property.

18        96.    Defendants knowingly and substantially assisted by among other
19

20   things:

21             a.    Offering to serve and serving as a processor of debt settlement

22
23             funds in respect of illegal debt settlement programs;

24

25

26

CLASS ACTION COMPLAINT AND
JURY DEMAND: 24

LAW OFFICES
**THE SCOTT LAW GROUP**
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA 99201
(509) 455-3966

b.      Offering to serve and serving as a "back-end" debt settlement company performing debt adjusting services for "front-end" debt adjusting companies;

c.      Promoting illegal debt settlement programs to consumers and contracting with consumers for such illegal debt settlement programs;

d.      Assuming duties owed under chapter 18.28 RCW, or otherwise acting as an agent in performing such duties, and performing those functions in violation of chapter 18.28.RCW;

e.      Keeping and maintaining debt settlement accounts in a fashion other than as required under RCW 18.28.110(4);

f.      Offering to assume authority, assuming authority, and exercising authority to transfer consumer funds for purposes of paying illegal and unowed fees;

g.      Paying from the debt settlement accounts illegal, unfair, deceptive and unowed fees;

h.      Offering to assume authority, assuming authority, and exercising authority to transfer consumers' debt settlement funds out of the state of Washington; and

CLASS ACTION COMPLAINT AND
JURY DEMAND: 25

LAW OFFICES
THE SCOTT LAW GROUP
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA 99201
(509) 455-3966

i.  Providing fast-track programs whereby affiliates could engage in unfair business practices directed at consumers, including practices violative of chapter 18.28 RCW.

97.  At the time that assistance was rendered, Defendants were each generally aware of their respective roles in these wrongful activities.

98.  NoteWorld, Nationwide, and FDC are each jointly liable for the entire loss suffered by the respective NoteWorld, Nationwide, and FDC Classes.

**F.   Breach of Fiduciary Duty by NoteWorld.**

99.  NoteWorld was and is a custodial agent of and trustee to Wheeler and NoteWorld Class members.

100.  NoteWorld owed fiduciary duties to Wheeler and NoteWorld Class members to act loyally for the benefit of Wheeler and NoteWorld Class members in all matters respecting its custodial and trustee role, including the establishment, maintenance, and management of Wheeler's and NoteWorld Class members' debt settlement accounts and duty to safeguard Wheeler's and NoteWorld Class members' interests.

101.  NoteWorld had a duty to use reasonable efforts to provide Wheeler and NoteWorld Class members with facts that NoteWorld knew, had reason to know, or

CLASS ACTION COMPLAINT AND
JURY DEMAND: 26

LAW OFFICES
**THE SCOTT LAW GROUP**
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA  99201
(509) 455-3966

1  should have known were material to Wheeler's and NoteWorld Class members'

2  legal interests.

3

4      102.    NoteWorld's fiduciary relationship to Wheeler and NoteWorld Class

5  members did not privilege conduct that was tortious or criminal.

6      103.    NoteWorld negligently and intentionally breached duties owed to

7

8  Wheeler and NoteWorld Class members by, among other things:

9          a.      Failing to disclose to Wheeler and NoteWorld Class members

10  that their debt settlement contracts, pursuant to which fund transfers were

11  being made, were void;

12

13          b.      Failing to disclose to Wheeler and NoteWorld Class members

14  that fees being paid from their debt settlement accounts were both illegal and

15  unowed;

16

17          c.      Initiating transfers of Wheeler's and Class members' money for

18  purposes of paying unowed, unfair, and illegal fees;

19

20          d.      Establishing, maintaining, and managing debt settlement

21  accounts as an artifice for evading consumer protections, including

22  limitations on debt settlement fees;

23

24          e.      Paying unowed, unfair, and illegal fees using Wheeler's and

25  NoteWorld Class members' funds; and

26

CLASS ACTION COMPLAINT AND
JURY DEMAND:  27

LAW OFFICES
**THE SCOTT LAW GROUP**
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA 99201
(509) 455-3966

f.    Elevating its own pecuniary interests above those of Wheeler and NoteWorld Class members, thereby unjustly enriching itself at the expense of Wheeler and NoteWorld Class members.

104.    NoteWorld materially benefitted from its breach of fiduciary duties to Wheeler and NoteWorld Class members.

105.    As a proximate result of NoteWorld's breach of duties, Wheeler and NoteWorld Class members suffered loss, damages, and/or injury and NoteWorld was unjustly enriched.

## VI. **CLASS CERTIFICATION**

106.    Named Plaintiffs bring this action on behalf of themselves and on behalf of the NoteWorld Class, Nationwide Class, and FDC Class.

107.    Named Plaintiffs are members of NoteWorld Class, Nationwide Class, and FDC Class.

108.    Members of the subject Classes are so numerous that their joinder is impracticable.

109.    There are questions of law and fact common to the subject Classes, including those identified in paragraph 113 below.

CLASS ACTION COMPLAINT AND
JURY DEMAND: 28

LAW OFFICES
**THE SCOTT LAW GROUP**
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA 99201
(509) 455-3966

110.   The claims and defenses of the named Plaintiffs are typical of the claims and defenses of the respective NoteWorld Class, Nationwide Class, and FDC Class.

111.   Named Plaintiffs will fairly and adequately protect the interests of the subject Classes.

112.   Defendants have acted or refused to act on grounds generally applicable to their respective Classes as a whole rendering certification appropriate under Fed. R. Civ. P. 23(b)(2) with respect to injunctive relief sought in this Complaint.

113.   Core common questions of law and fact central to legal claims of each Class predominate over individual questions, rendering certification of each Class appropriate under Fed. R. Civ. P. 23(b)(3).  Core common questions of law and fact include:

a.     Whether NoteWorld or Nationwide, or their "front-end" affiliates, including FDC, are engaged in debt adjusting within the meaning of chapter 18.28 RCW, or are otherwise subject to that statute;

b.     Whether Class members' debt settlement contracts with "front-end" debt settlement companies, including FDC, are *void ab initio*;

CLASS ACTION COMPLAINT AND
JURY DEMAND:  29

LAW OFFICES
**THE SCOTT LAW GROUP**
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA 99201
(509) 455-3966

1    c.    Whether standardized fees charged by NoteWorld or

2    Nationwide affiliates, including FDC, are criminally illegal or otherwise

3

4    constitute an unfair or deceptive business practice;

5    d.    Whether NoteWorld's standardized practices with respect to the

6    maintenance and management of NoteWorld Class members' debt

7

8    settlement accounts violate chapter 18.28 RCW, or otherwise constitute

9    unfair or deceptive business practices, and whether NoteWorld should be

10   enjoined from such practices;

11

12   e.    Whether NoteWorld, Nationwide and/or FDC knowingly and

13   substantially assisted one another, or "front-end" debt adjusting affiliates in

14   violating chapter 18.28 RCW and/or chapter 19.86 RCW;

15

16   f.    Whether, at the time of assistance, each Defendant was

17   generally aware of its role in the overall wrongful activities;

18   g.    Whether NoteWorld, Nationwide, and FDC were and are acting

19   in concert or pursuant to a common design;

20

21   h.    Whether Defendants should be enjoined from business

22   activities violative of or in furtherance of violation of chapter 18.28 RCW or

23   chapter 19.86 RCW;

24

25

26

CLASS ACTION COMPLAINT AND
JURY DEMAND:  30

LAW OFFICES
THE SCOTT LAW GROUP
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA 99201
(509) 455-3966

i.    Whether NoteWorld's fees constitute fees for debt adjusting services within the meaning of RCW 18.28.080(1); and

j.    Whether members of each Class are uniformly entitled to reimbursement of the amount of all payments made not distributed to creditors.

114.    The class device is a superior method of adjudicating Class members' claims as compared to other available methods for fairly and efficiently adjudicating this controversy.  Members of the proposed Classes are financially distressed individuals who are unlikely to have any meaningful recourse against Defendants, absent collective pursuit of their claims under Fed. R. Civ. P. 23. Washington residents, including members of each Class, remain unaware that the debt settlement contracts are void, that fees being charged are illegal, or that Defendants' conduct is otherwise wrongful.  Class members are thus incapable of protecting their interests on an individual basis.  Claims of members of the Classes, taken individually have negative value and cannot, as a practical matter, be litigated on an individual basis.

## VII.   DEMAND FOR RELIEF

Plaintiffs therefore request, on behalf of themselves and the proposed Classes, the following relief:

CLASS ACTION COMPLAINT AND
JURY DEMAND: 31

LAW OFFICES
THE SCOTT LAW GROUP
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA 99201
(509) 455-3966

1.      An order certifying Class members' claims pursuant to Fed. R. Civ. P. 23(b)(3) and/or 23(b)(2), or certifying such issues as may be deemed appropriately treated on a class basis;

2.      An order appointing named Plaintiffs as representatives of each Class and appointing undersigned counsel as Class counsel;

3.      An order and decree issuing preliminary and final injunctive relief, including relief identified in paragraphs 69, 79, and 87 of this Complaint;

4.      An award of damages, jointly and severally, against each Defendant, in an amount to be proven at the time of trial;

5.      An order of disgorgement and restitution;

6.      An award of exemplary damages against each Defendant in the amount of three times the damages or loss suffered by each Class member;

7.      An award of prejudgment interest;

8.      An award of attorney fees, including those provided for in chapter 19.86 RCW;

9.      An award of litigation costs; and

10.     Such other declaratory or injunctive relief as the Court may deem fair and equitable.

CLASS ACTION COMPLAINT AND
JURY DEMAND: 32

LAW OFFICES
**THE SCOTT LAW GROUP**
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA 99201
(509) 455-3966

1

## VIII.  JURY DEMAND

2

Plaintiffs demand a trial by jury in this matter.

3

4

DATED this 24th day of June, 2010.

5

6

THE SCOTT LAW GROUP, P.S.

7

8

By: _____

9

Darrell W. Scott, WSBA #20241
darrellscott@mac.com

10

Matthew J. Zuchetto, WSBA #33404
matthewzuchetto@mac.com

11

12

-and-

13

DURKOP LAW OFFICE
Timothy W. Durkop, WSBA #22985
tim@durkoplaw.com

14

15

16

*Attorneys for Plaintiffs*

17

18

19

20

21

22

23

24

25

26

CLASS ACTION COMPLAINT AND
JURY DEMAND: 33

LAW OFFICES
**THE SCOTT LAW GROUP**
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA 99201
(509) 455-3966