UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

DOYLE WHEELER and CARRI WHEELER,  )
husband and wife, individually   )   NO.  CV-10-0202-LRS
and on behalf of similarly       )
situated Washington residents,   )   ORDER RE APRIL 19, 2012 MOTION
                                 )   HEARING
            Plaintiffs,          )
                                 )
     -vs-                        )
                                 )
NOTEWORLD, LLC, d/b/a NOTEWORLD  )
SERVICING CENTER, a Delaware     )
limited liability company;       )
NATIONWIDE SUPPORT SERVICES,     )
INC., a California corporation;   )
FREEDOM DEBT CENTER, a           )
California corporation; and JOHN )
and JANE DOES A-K,               )
                                 )
            Defendants.          )
                                 )

        BEFORE THE COURT, with oral argument, were the following motions:

Defendant Freedom Debt Center's ("Freedom") Motion to Stay Trial Court

Proceedings, ECF No. 91, filed January 11, 2012; Plaintiffs' Motion for

Class Certification, ECF No. 110, filed February 1, 2012; and Defendant

Nationwide Support Services, Inc.'s ("Nationwide") Motion to Seal, ECF

No. 131, filed February 10, 2012.

ORDER - 1

**I.    BRIEF BACKGROUND**

On June 24, 2010 the Wheeler's filed this action, claiming Freedom, with respect to the agreement at issue, was a "debt adjuster" within the meaning of RCW 18.28 et seq., that the fees charges by Freedom violated that statute, and that, by violating RCW 18.28 et seq., Freedom also violated Washington's Consumer Protection Act, RCW 19.86 et seq.

On September 13, 2011, Defendant Freedom filed a motion to compel arbitration in this matter. (ECF Nos. 47-50).  On October 27, 2011, this Court entered an Order Denying Defendant Freedom's Motion to Compel Arbitration. (ECF No. 70).  Subsequently, on November 23, 2011, Defendant Freedom filed an interlocutory appeal of the order denying the motion to compel arbitration. (ECF Nos. 80-81).

**II.   DISCUSSION**

   **A.   Defendants' Motion to Stay (ECF No. 91)**

Defendant Freedom moves for an Order Staying Proceedings pending resolution of the interlocutory appeal before the Ninth Circuit Court of Appeals.  Defendant Nationwide joins in the motion to stay the trial court proceedings pending interlocutory appeal.

Defendants Freedom and Nationwide argue that a stay is appropriate because a reversal of this Court's ruling denying the motion to compel arbitration would mandate that Plaintiffs submit their claims to arbitration rendering this proceeding moot.  Defendants further argue that a stay would save all parties from the burden of conducting futile litigation and conserve judicial resources.

ORDER - 2

Plaintiffs oppose the motion to stay, asserting that a "meritless" interlocutory appeal by one defendant in this multiparty case, regarding an ancillary issue unrelated to the merits, is an inadequate reason for further delay. Plaintiffs assert that Defendant Freedom fails to demonstrate that the Court's denial of its Motion to Compel Arbitration presents a substantial question that would warrant the significant additional delay. Plaintiffs argue that additional delay would cause further ongoing harm and prejudice to hundreds of Washington consumers who are subject to Defendants' ongoing allegedly illegal debt settlement activities. Plaintiffs conclude the balance of equities strongly favors denial of Defendant's motion to stay.

In reply, Defendant Freedom argues that a substantial question has been presented on appeal for resolution by the Ninth Circuit. Defendant Freedom argues that the cases cited by Plaintiffs do not answer this question: Whether a trial court, applying Washington law, should be able to defeat arbitration provisions by applying unconscionability and severance concepts to arbitration contracts differently than other contracts?  In its appeal, Defendant Freedom states it will ask the Ninth Circuit to articulate a clear test for when state law unconscionability and severability provisions can be applied to arbitration provisions versus other contracts, in light of *Concepcion*[1]

---

[1] *AT&T Mobility LLC v. Concepcion*, 131 S.Ct. 1740 (2011).

ORDER - 3

1   and *CompuCredit*.[2]   Defendants also indicate that the Ninth Circuit has

2   recently reversed the United States District Court for the Western

3   District of Washington's order, which denied defendants-appellants'

4   motion to compel arbitration in *Coneff v. AT & T Corp.*, --- F.3d ----,

5   2012 WL 887598 (9th Cir. 2012).   Defendants suggest that the AT&T case

6   instructs that under Washington law, the question whether <u>both</u>

7   procedural and substantive unconscionability is required before a

8   contract is invalidated, is not settled.

9       The Court finds that judicial economy dictates staying the present

10  action pending the interlocutory appeal.   This action was filed on June

11  24, 2010, and stayed while the Washington Supreme Court resolved related

12  questions certified by this Court in the *Carlsen v. Global Client*

13  *Solutions* case, No. CV-09- 246-LRS (E.D. Wash.).  On August 2, 2011, the

14  Court entered a Scheduling Order.   ECF No. 45.  If Defendant Freedom is

15  successful on appeal, this proceeding could be rendered moot.

16  Furthermore, defense counsel have represented that, to the best of their

17  knowledge, no allegedly illegal fees are currently being collected.

18  Thus, the alleged ongoing harm to the proposed Washington class of

19  individuals or future class of individuals who are or will be engaged in

20  Defendant's services is effectively halted.

21  / / /

22

---

23

24      [2]*CompuCredit Corp. v. Greenwood*, 2012 WL 43514 (Jan. 2012).

25  Defendant Freedom states that the Supreme Court issued a strong
    endorsement of arbitration in this very recent opinion involving consumer
26  debt litigation.

**B.   Defendant Nationwide's Motion to Seal** (**ECF No. 131**)

Defendant Nationwide requests that the exhibits attached to the Declaration Of Kristy L. Bergland filed by in support of Plaintiffs' Motion For Class Certification remain confidential and sealed. Defendant asserts these documents reflect client names and identifying information, client status information, and financial and business term information broken down by individual clients and agreements.  Defendant states Plaintiffs' counsel has access to the documents in full unredacted form.

Plaintiffs oppose the request to seal arguing that said documents do not disclose client names or client information and Defendant has failed to demonstrate good cause for sealing from public view.

The Court has reviewed the subject exhibits.  Plaintiffs have failed to show that such information sought to be sealed is not sensitive business information as to Defendant Nationwide.   The Court grants Defendant Nationwide's motion to seal the exhibits attached to the Bergland Declaration.

**III. CONCLUSION**

The Court has reviewed the record, the pending motions, and is fully informed. For the foregoing reasons, the case is hereby stayed pending resolution of the pending appeal at the Ninth Circuit Court of Appeals.

**IT IS ORDERED:**

1.   Defendant Freedom Debt Center's Motion to Stay Trial Court Proceedings, **ECF No. 91,** is **GRANTED.**   This case is **STAYED** pending the

interlocutory appeal, **AND** until further notice by the Court.

2.   Plaintiffs' Motion for Class Certification, **ECF No. 110**, is **DEFERRED** until the stay is lifted or until further order of the Court.

3.   Defendant Nationwide Support Services, Inc.'s Motion to Seal, **ECF No. 131**, is **GRANTED.**

4.   On or before **October 1, 2012 at 2:30 p.m.,** the parties shall file a joint status report apprising the court of the status of the pending appeal.   Any decision of the Ninth Circuit Court of Appeals concerning the pending appeal shall be reported to the Court by the parties when it occurs.

The District Court Executive is directed to file this Order and provide copies to counsel.

**DATED** this 24th day of April, 2012.

*s/Lonny R. Suko*

LONNY R. SUKO
UNITED STATES DISTRICT JUDGE

ORDER - 6