UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DOYLE WHEELER and CARRI WHEELER, husband and wife, individually and on behalf of similarly situated Washington residents,<br><br>            Plaintiffs,<br><br>     -vs-<br><br>NOTEWORLD, LLC, d/b/a NOTEWORLD SERVICING CENTER, a Delaware limited liability company; NATIONWIDE SUPPORT SERVICES, INC., a California corporation; FREEDOM DEBT CENTER, a California corporation; and JOHN and JANE DOES A-K,<br><br>            Defendants. | NO.  CV-10-0202-LRS<br><br>ORDER DENYING DEFENDANT NOTEWORLD'S MOTION TO ALTER JUDGMENT FOR INJUNCTIVE RELIEF |

On April 24, 2012, this court signed a Consent Decree (ECF No. 158) which prohibits certain activities of Defendant NoteWorld, LLC ("NoteWorld"). Thereafter, the Washington Debt Adjusting Act (RCW 18.28, also referred to as "DAA" hereinafter) was amended to provide that third party account administrators are not "debt adjusters" within the meaning of the act. Defendant Noteworld has moved to modify the Consent Decree by revising some of its provisions. The motion is opposed by Plaintiffs.

ORDER - 1

## I. DISCUSSION

More specifically, NoteWorld argues that Section 5.b. of the Consent Judgment should be vacated because recent statutory amendments clarify that third-party account administrators such as NoteWorld are not "debt adjusters" within the meaning of RCW 18.28.010. It is, therefore, no longer equitable to apply the Prospective Account provisions of the Consent Judgment to NoteWorld.

Plaintiffs oppose the motion asserting that NoteWorld fails to meet its substantial burden to modify the Consent Judgment. Plaintiffs argue that recent amendments to the DAA are consistent with and reinforce the important provisions contained in the Consent Judgment. Furthermore, the Consent Judgment anticipated and fully accommodated any change in law, expressly permitting NoteWorld to conduct itself in accordance with any change in law. Plaintiffs conclude that any proposed modification by NoteWorld is both unwarranted and unnecessarily engages the Court in issuing advisory opinions as to how the amendments operate, how they impact NoteWorld's ongoing business activities, and invite the Court to sanction future conduct potentially violative of the DAA.

The present Consent Decree, entered by this Court on March 20, 2012, specifically provides:

> 6. <u>Exemptions and Future Law Changes</u>.
> Notwithstanding the foregoing, nothing in this Consent Judgment nor in the agreement shall prohibit Noteworld from complying with any amendment to the Washington Debt Adjusting Act or relying on any exemption recognized in such amendment.

ECF. No. 158, at 5.

ORDER - 2

To the extent there is a conflict between the Consent Judgment and state law, state law rules. The Court finds that NoteWorld has not presented any factual situation suggesting that a conflict is imminent or that problems are likely to arise in the immediate future concerning the terms of the Consent Judgment.

The amendments to the DAA and Washington's Uniform Money Services Act ("UMSA") are very new and untested. Modification of the current Consent Judgment language by this court runs the risk of having potential unintended consequences before the state courts have an opportunity to construe revisions to the act. While NoteWorld argues that future fact patterns may arise which raise issues, none of those possibilities are currently before this Court to consider.

Of significance, NoteWorld has failed to demonstrate the likelihood of future harm if no change in the Consent Judgment is made. Rather, NoteWorld asks this Court to make "clarifications" based on reasons which are best theoretical or have not been shown to require action at this time. In the absence of showing necessity for modification and in light of the provisions of the Consent Judgment which specifically mandate that any changes in state law have priority, the motion is respectfully denied.

**IT IS ORDERED**: Defendant Noteworld Servicing Center's Motion to Alter Judgment for Injunctive Relief, **ECF No. 186**, filed June 14, 2012, is respectfully **DENIED.**

The District Court Executive is directed to file this Order and

1  provide copies to counsel.

2      **DATED** this 26th day of July, 2012.

4                                    */s/ Lonny R. Suko*

5                                      LONNY R. SUKO
                                UNITED STATES DISTRICT JUDGE

ORDER - 4